IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EJ USA, INC.,

    Plaintiff,

v.

NEENAH FOUNDRY COMPANY,

    Defendant.

Civil Action No. _____

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff EJ USA, Inc. states its claims of patent infringement against Defendant Neenah Foundry Company as follows:

## The Parties

1. Plaintiff EJ USA, Inc. ("**EJ USA**") is a Michigan corporation with its principal place of business at 301 Spring Street, East Jordan, Michigan 49727. EJ USA is a world leader in the design, manufacture and distribution of access solutions for a myriad of utility networks, including cast iron manhole covers for a broad range of different applications.

2. On information and belief, Defendant Neenah Foundry Company ("**Neenah**") is a Wisconsin corporation with its principal place of business at 2121 Brooks Avenue, Neenah, Wisconsin 54956. Neenah also designs, manufactures, and distributes cast iron manhole covers.

## Jurisdiction and Venue

3. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 271 *et seq.*

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

5. This Court has personal jurisdiction over Neenah. Neenah has conducted and does conduct business within the State of Michigan, and is a registered foreign profit corporation in Michigan. Neenah, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and/or services in the United States, the State of Michigan, and the Western District of Michigan. Neenah, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily sold or offered for sale one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of Michigan. On information and belief, these infringing products and/or services have been used and offered for sale in the State of Michigan. On information and belief, Neenah has committed acts of patent infringement within the State of Michigan and, more particularly, within the Western District of Michigan.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Neenah is subject to personal jurisdiction in the Western District of Michigan.

### Asserted Patents

7. On July 22, 2014, United States Patent No. 8,784,000 entitled Explosion Mitigating Cover (the "'**000 Patent**") and showing Dean W. Reynolds, James R. Allen, and Jeremy I. Johnson as inventors was issued and assigned to EJ USA. A copy of the '000 Patent is attached as **Exhibit A**.

8. On April 14, 2015, United States Patent No. 9,004,810 entitled Explosion Mitigating Cover (the "'**810 Patent**") and showing Dean W. Reynolds, James R. Allen, and

Jeremy I. Johnson as inventors was issued and assigned to EJ USA. A copy of the '810 Patent is attached as **Exhibit B**.

9. EJ USA is entitled to sue for past, present, and future infringement of each of the '000 Patent and '810 Patent (collectively, the "**EJ Patents**").

10. At all times relevant to this litigation, EJ USA marked each product embodying the patented inventions of the EJ Patents, thus providing notice of the EJ Patents.

11. Neenah, without authority or license from EJ USA, has infringed and is still infringing the EJ Patents by making, using, selling, or offering to sell infringing cast iron manhole covers, and Neenah will continue to do so unless enjoined by this Court. The infringing products include, but are not limited to, the Hydrovent Liftmate with Burr Hatch, as embodied and set forth in certain Neenah CAD drawings attached as **Exhibit C** (the "**Infringing Product**").

12. On information and belief, Neenah had notice of the EJ Patents, including without limitation based on EJ USA's marking of its patented inventions in commerce.

## COUNT I: Infringement of the '000 Patent

13. EJ USA incorporates by reference all preceding paragraphs.

14. Neenah, directly and through the actions of their employees, divisions, or subsidiaries, have infringed and continue to infringe the '000 Patent, including by making, using, offering for sale, or selling the Infringing Product. Specifically, but without limitation, Neenah has offered for sale the manhole cover set forth in Exhibit C.

15. Neenah's Infringing Product possesses all of the limitations of at least representative claim 10 of the '000 Patent, which states as follows (with the individual claim elements numbered):

3

10. A manhole cover adapted to behave as a relief valve to relieve pressure, said manhole cover movable from a seated position to an unseated position with respect to a frame, the frame having a peripheral wall defining an access opening, said manhole cover comprising:

[10(a)] a cover portion having an upper surface, an outer peripheral edge, and an underside opposing said upper surface;

[10(b)] a control leg extending from said underside of said cover portion and including a foot extending radially outwardly from said control leg to a position underneath said frame, said foot spaced vertically below said frame to permit at least a portion of said cover proximate said control leg to have a range of movement, such that said portion of said cover is capable of moving within said range of movement upon a pressure level on said underside reaching a threshold, said foot contacting said frame at a limit of said range of movement wherein said portion of said cover clears said frame to permit fluid flow from said access opening; and

[10(c)] a first leg extending from said underside of said cover portion, said first leg spaced from said control leg, said first leg including a foot extending radially outwardly from said first leg to a position beneath said frame, said foot on said first leg contacting said frame to prevent a portion of said cover proximate said first leg from clearing said frame.

16. Specifically, but without limitation, the Infringing Product is a manhole cover adapted to behave as a relief valve to relieve pressure, said manhole cover movable from a seated position to an unseated position with respect to a frame, the frame having a peripheral wall defining an access opening. Specifically, but without limitation, the Infringing Product includes element [10(a)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a cover portion having an upper surface, an outer peripheral edge, and an underside opposing said upper surface:

4



(*See* Ex. C.)

17. Specifically, but without limitation, the Infringing Product includes element [10(c)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a control leg extending from said underside of said cover portion and including a foot extending radially outwardly from said control leg to a position underneath said frame, said foot spaced vertically below said frame to permit at least a portion of said cover proximate said control leg to have a range of movement, such that said portion of said cover is capable of moving within said range of movement upon a pressure level on said underside reaching a threshold, said foot contacting said frame at a limit of said range of movement wherein said portion of said cover clears said frame to permit fluid flow from said access opening:



(*See* Ex. C.)

5

18. Specifically, but without limitation, the Infringing Product includes element [10(c)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a first leg extending from said underside of said cover portion, said first leg spaced from said control leg, said first leg including a foot extending radially outwardly from said first leg to a position beneath said frame, said foot on said first leg contacting said frame to prevent a portion of said cover proximate said first leg from clearing said frame:



(*See* Ex. C.)

19. Neenah's Infringing Product also infringes at least claims 1, 2, 3, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20. Through discovery and further investigation, EJ USA may determine that additional claims are being infringed, and EJ USA reserves the right to assert additional claims.

20. On information and belief, at least as of the filing of this Complaint, Neenah's infringement of the '000 Patent is and has been willful and deliberate, and further, Neenah's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '000 Patent.

21. As a result of Neenah's infringement of the '000 Patent, EJ USA has been damaged in an amount not yet determined and will suffer additional irreparable damage unless this Court enjoins Neenah from further infringement.

## COUNT II: Infringement of the '810 Patent

22. EJ USA incorporates by reference all preceding paragraphs.

23. Neenah, directly and through the actions of their employees, divisions, or subsidiaries, have infringed and continue to infringe the '810 Patent, including by making, using, offering for sale, or selling the Infringing Product. Specifically, but without limitation, Neenah has offered for sale the manhole cover set forth in Exhibit C.

24. Neenah's Infringing Product possesses all of the limitations of at least representative claim 10 of the '810 Patent, which states as follows (with the individual claim elements numbered):

> 10. A manhole cover adapted to behave as a relief valve to relieve pressure, said manhole cover movable from a seated position to an unseated position with respect to a frame, the frame having a peripheral wall defining an access opening, said manhole cover comprising:
>
> [10(a)] a cover portion having an upper surface, an outer peripheral edge, and an underside opposing said upper surface;
>
> [10(b)] a first restraint element on said cover portion, said first restraint element extending away from said underside and having a fixed length permitting at least a first portion of said cover to have a range of movement, such that said first portion of said cover is capable of moving within said range of movement upon a pressure level on said underside reaching a threshold, said first restraint element contacting said frame at a limit of said range of movement wherein said underside of said cover within said first portion of said cover clears said frame to permit fluid flow from said access opening; and
>
> [10(c)] a second restraint element on said cover portion, said second restraint element spaced from said first restraint element, said second restraint element contacting said frame to prevent said underside of a second portion of said cover proximate said second restraint element from clearing said frame throughout said range of movement of said cover.

25. Specifically, but without limitation, the Infringing Product is a manhole cover adapted to behave as a relief valve to relieve pressure, said manhole cover movable from a seated position to an unseated position with respect to a frame, the frame having a peripheral wall defining an access opening.

26. Specifically, but without limitation, the Infringing Product includes element [10(a)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a cover portion having an upper surface, an outer peripheral edge, and an underside opposing said upper surface:



(*See* Ex. C.)

27. Specifically, but without limitation, the Infringing Product includes element [10(b)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a first restraint element on said cover portion, said first restraint element extending away from said underside and having a fixed length permitting at least a first portion of said cover to have a range of movement, such that said first portion of said cover is capable of moving within said range of movement upon a pressure level on said underside reaching a threshold, said first restraint element contacting said frame at a limit of said range of movement wherein said underside of said cover within said first portion of said cover clears said frame to permit fluid flow from said access opening:

8



(*See* Ex. C.)

28. Specifically, but without limitation, the Infringing Product includes element [10(c)] of claim 10 because, as shown in the cross-sectional drawing below, it includes a second restraint element on said cover portion, said second restraint element spaced from said first restraint element, said second restraint element contacting said frame to prevent said underside of a second portion of said cover proximate said second restraint element from clearing said frame throughout said range of movement of said cover:



(*See* Ex. C.)

29. Neenah's Infringing Product also infringes at least claims 1-9 and 11-20.

30. On information and belief, at least as of the filing of this Complaint, Neenah's

9

infringement of the '810 Patent is and has been willful and deliberate, and, further, Neenah's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '810 Patent.

31. As a result of Neenah's infringement of the '810 Patent, EJ USA has been damaged in an amount not yet determined and will suffer additional irreparable damage unless this Court enjoins Neenah from further infringement.

### Request for Relief

WHEREFORE, EJ USA respectfully requests the following relief:

A. Judgment that Neenah has infringed the EJ Patents;

B. Permanently enjoin Neenah, as well as its officers, agents, directors, employees, attorneys, and all persons acting in concert or participation with them, directly or indirectly, from further infringing the '000 and '810 Patents

C. An award of damages adequate to compensate EJ USA for Neenah's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Enter an order trebling damages awarded to EJ USA by reason of Neenah's willful infringement of the EJ Patents as provided under 35 U.S.C. § 284;

E. Enter an order awarding EJ USA interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

F. Enter an order finding that this is an exceptional case and award EJ USA its reasonable costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ R. Michael Azzi*
Janet Ramsey (P63285)
R. Michael Azzi (P74508)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000
Fax: (616) 222-2736
E-mail: jramsey@wnj.com
Email: razzi@wnj.com Email: razzi@wnj.com

*Attorneys for Plaintiff*

15095702-3